of frauds, where the complaint did not disclose the nature of the contract, whether oral or written, it was necessary for the defendant to plead the statute in order to avail himself of the objection. The question was distinctly decided in that case, and it was held that the statute was a defense, and, unless pleaded, was not available to the defendant to defeat the action. The case must be regarded as settling the law of this state upon a question upon which courts of different jurisdictions have differed in opinion. Matthews v. Matthews, 154 N. Y., at page 291, 48 N. E. 531, followed Honsiger v. Mulford, 157 N. Y. 674, 51 N. E. 1091. The Appellate Division, in Miller v. Munroe, 59 App. Div. 623, 69 N. Y. Supp. 861, said:

"The complaint alleges an agreement. It does not say it was an oral agreement. Nor does it say it was in writing. * * * It is not necessary to allege in a complaint that such a contract was in writing; indeed, it will not be necessary on trial to show that it was in writing. Under the common law such a contract was good if verbal, and if the defendants wish to avail themselves of the statute of frauds requiring better proof they must plead the statute as a defense, or they will be deemed to have waived it."

Demurrer overruled, with costs, with leave to defendant to withdraw demurrer and answer over upon payment of costs and within 20 days.

---

(108 App. Div. 338)

DANIELS v. ROGERS et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. FRAUDS, STATUTE OF—SUFFICIENCY OF WRITING—DESCRIPTION OF LANDS.
    A memorandum of a contract for the sale of land, describing the property as that "known as the Star & Crescent Furnace, in Cherokee county, near Rusk, Texas," may be aided by extrinsic evidence to identify the land referred to, and is consequently sufficient to satisfy the statute of frauds.

2. SAME—PLEADING—DEMURRER OR ANSWER.
    The defense of the statute of frauds must be interposed by demurrer or answer, and where the complaint does not show upon its face whether the contract is in writing or not, such defense is properly raised by answer.
    [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 360–362.]

3. SAME—ESTOPPEL TO ASSERT STATUTE.
    A vendee in a contract for the sale of land is estopped to assert that the contract is vitiated by the granting of a parol extension of time for performance, where the vendor tendered a conveyance within the original period fixed by the contract, and granted the extension at the request and for the benefit of the vendee.

4. SAME—OPERATION OF STATUTE—EXACT TERRITORIAL EFFECT.
    Rev. St. Tex. 1895, art. 2543, providing that "no action shall be brought in any of the courts" upon a contract for the sale of real estate unless the contract or some memorandum thereof is in writing, applies to actions in the courts of Texas, and has no application to an action brought in the courts of New York on a contract made in New York for the sale of lands in Texas.
    [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 268.]

Appeal from Special Term, New York County.

Action by Frank A. Daniels against William A. Rogers, impleaded with others. From an interlocutory judgment sustaining a demurrer to the answer, defendant Rogers appeals. Affirmed.

The following is the opinion of Clarke, J., at Special Term:

Action for specific performance by vendees of a contract for the purchase of lands in Texas. Plaintiff demurs to the first separate defense, which alleges that the extension of the time for performance of the written agreement was not in writing, and that hence the extension agreement and the written contract are void by the provisions of the statute of frauds of the state of New York; and to the second separate defense, which alleges that said extension and said contract are void by the provisions of article 2543 of the Revised Statutes of Texas of 1895, upon the ground that said defenses are insufficient in law upon the face thereof. The defendants, upon the issue of law raised by the demurrer, seek to test the complaint by claiming that the contract in writing therein set forth is not enforceable under the statute, because it does not sufficiently designate the real estate the subject of the contract. The language of description is "the property known as the Star & Crescent Furnace, in Cherokee county, near Rusk, Texas." This question was exhaustively treated in Miller v. Tuck, 95 App. Div. 134, 88 N. Y. Supp. 495, where Mr. Justice Bartlett, writing for a unanimous court, after the consideration of many cases, held: "I understand the rule to be, in cases where a memorandum relating to the sale of real estate is attacked under the statute of frauds for insufficiency in respect to the identification of the subject-matter, that, while parol evidence may not be admitted as to the terms of the agreement, it nevertheless is receivable to show extrinsic circumstances relating to the situation of the parties in respect to the land, so as to enable the court definitely to ascertain the property to which the contract referred." Upon the direct authority of that case the defendants' point is overruled.

As to the demurrer to the first separate defense, it is now settled in this state that the statute of frauds is a rule of evidence which must be interposed by demurrer or answer to be availed of, and as the complaint did not show upon its face whether the extension was in writing or not the point was properly raised by answer (Leggett v. Campbell [Sup.] 96 N. Y. Supp. 639, and authorities cited). The Court of Appeals, in Thomson v. Poor, 147 N. Y., at page 408, 42 N. E. 14, in an opinion written by Andrews, C. J., and concurred in by the whole court, and many times cited and followed, said: "If we were now required to decide the question whether a contract in writing within the statute of frauds can be altered as to the time of performance by a subsequent oral executory agreement made between the parties upon sufficient consideration, we should find the question under the authorities involved in distressing perplexity." The learned court avoided the decision of the question by invoking the doctrine of estoppel, saying: "When one party to a contract before the time of performance by the other party has arrived consents upon his requests to extend the time of performance, he must be presumed to know that the other party relies upon the consent, and until he gives notice of withdrawal he has no just right to consider the latter in default, although meanwhile the contract time has elapsed. We think the doctrine of equitable estoppel applies to such a case. * * * The original contract is not changed by such waiver, but it stands as an answer to the other party who seeks to recover damages for nonperformance induced by an unrecalled consent." The case relied upon by defendants (Hickman v. Haynes, L. R. 10 C. P. 598) is authority for this proposition. The plaintiff, to accommodate the defendants, had postponed the delivery of certain goods which he had agreed to sell. The defendants, having refused to accept them, even after the postponement, sought to rely upon the fact of the oral extension as having invalidated the contract. The court held, however, that, although the plaintiff assented to the defendants' request not to make the delivery at the contract time, he must be taken to have been ready to deliver them, and that the defendants were estopped from averring the contrary. This separate defense, being complete and being tested by demurrer, admits all the allegations of the complaint and

seeks to avoid. The complaint fully sets out the offer by plaintiff's assignor to deliver to the defendants a deed duly executed conveying good title to the said premises in accordance with the agreement on the day of closing, and the facts and circumstances under which, upon defendants' request and for their benefit, the time of closing was adjourned for three days, when the deed was tendered and refused. It seems to me that there could not be stated a state of facts more clearly constituting a case of equitable estoppel, and, therefore, under the cases cited, the defense is insufficient in law on the face thereof, and the demurrer must be sustained.

As to the second separate defense, that of the Texas statute of frauds, that statute, as pleaded, is as follows: "No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which said action shall be brought or some memorandum thereof shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, * * * upon any contract for the sale of real estate or the lease thereof for a longer term than one year." The demurrer is sustained upon the same grounds of estoppel. Furthermore, 'the contract was made within this state, and is in suit in the courts of this state. The Texas statute does not state that the contract shall be void, but "that no action shall be brought in any of the courts," referring, of course, to the courts of that state.

Demurrer sustained, with costs, with leave to defendants, upon payment thereof within 20 days, to serve an amended answer.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and INGRAHAM, JJ.

D. M. Dean, for appellant.
C. W. Dayton, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of the court below, with leave to defendant to amend, on payment of costs in this court and in the court below.

---

(48 Misc. Rep. 96)

WILLIAMSON v. RANDOLPH.

(Supreme Court, Special Term, New York County. August, 1905.)

1. ASSOCIATIONS—EXPULSION OF MEMBER.

Before a member of a voluntary association can be deprived of his membership he must have notice of any charges against him, with an opportunity to be heard in his own defense before an impartial tribunal.

2. SAME—HEARING—SUMMONS—COPY OF CHARGES.

Where a member of a voluntary association received a summons to appear before the directors to give information under the provisions of a certain article in the constitution, and on the back of the summons the by-law giving the authority of the directors to require the attendance of any member was printed, the summons was insufficient on which to base his expulsion, in the absence of notice of charges preferred against him, though there was no provision to that effect in the constitution and by-laws.

3. SAME—NOTICE OF CHARGES—SERVICE—EVIDENCE.

Plaintiff sued to have it adjudged that he was a member of a certain voluntary association and to restrain its officers from interfering with his rights of membership. The answer pleaded plaintiff's expulsion after due trial. Held, that the burden was on defendant to prove service of notice of the charges against plaintiff, and, where plaintiff testified that all that he received was the summons to appear before the directors, such burden was not sustained by evidence of defendant's secretary that he put the charges in an envelope containing the summons, and the testimony of